UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CREDIT CONTROL SERVICES, INC., | * | |
| CCS COMMERCIAL, LLC, and | * | |
| ENTERPRISE ASSOCIATES, LLC, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 12-11321-JLT |
| | * | |
| NOBLE SYSTEMS CORPORATION, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

March 20, 2013

TAURO, J.

I.   Introduction

This case stems from an alleged breach of a contract between Defendant Noble Systems Corporation ("Noble") and CCS Resources, Inc. ("CCS Resources"). CCS Resources previously arbitrated its claims against Noble and lost. Its affiliated companies, Plaintiffs Credit Control Services, Inc., CCS Commercial, LLC, and Enterprise Associates, LLC (collectively "Plaintiffs"), now bring this suit against Noble as third party beneficiaries of the disputed contract. Noble has moved for judgment on the pleadings. Because claim preclusion bars the current suit, Noble's Motion for Judgment on the Pleadings [#12] is ALLOWED.

II.   Factual Background[1]

---

[1] The court presents the alleged facts in the light most favorable to Plaintiffs.

CCS Resources and Plaintiffs function as consumer debt collectors.[2] They are all affiliates under common control of parent company CCS Global Holdings, Inc.[3] These companies–CCS Resources, Plaintiffs, CCS Global Holdings, and related companies not involved in this suit–refer to themselves collectively by the trade name "CCS Companies."[4] Together, the CCS Companies process millions of telephone calls on behalf of their clients for the purpose of collecting debts. To function effectively, they require a sophisticated call dialing system that can initiate, receive, and process efficiently millions of telephone calls.[5]

In late 2009 and early 2010, Plaintiffs met with Noble to discuss purchasing a new dialing system for the CCS Companies. Plaintiffs carefully described their requirements, emphasizing the need for a dialing system capable of handling large call volumes, passing calls to available agents and appropriate work groups, minimizing agent idleness, and complying with federal and state debt collection regulations.[6] Noble indicated that it could meet Plaintiffs' specifications.[7]

CCS Resources and Noble then executed a contract on April 23, 2010, for purchase of Noble's system.[8] Although only CCS Resources signed the contract, both parties understood that

---

[2] Notice Removal Ex. A ¶¶ 10, 15 n.4 [hereinafter Compl.] [#1-3].

[3] Compl. ¶ 10.

[4] Compl. ¶ 15.

[5] Compl. ¶¶ 7-9.

[6] Compl. ¶¶ 15, 17-18.

[7] Compl. ¶ 21.

[8] Compl. ¶ 23.

the CCS Companies generally, including Plaintiffs, had purchased and would use the system.[9]

The CCS Companies soon discovered that Noble's product fell short of expectations. The system failed to reliably pass calls between work groups, and call agents experienced lengthy idle time between calls.[10] Because Noble could not successfully implement the system, Plaintiffs reinstated their former dialing system on an emergency basis in December 2010.[11]

After this disintegration of the system implementation, CCS Resources commenced arbitration against Noble pursuant to the contract's arbitration clause.[12] The arbitrator entered a final award against CCS Resources on June 1, 2012, and this court confirmed the award on October 16, 2012.[13] Plaintiffs initiated this suit against Noble on July 9, 2012.

III.   Discussion

    A.   Legal Standard

The court treats a motion for judgment on the pleadings much like a motion to dismiss under Rule 12(b)(6), except that the former implicates the pleadings as a whole.[14] The court must view the facts in the light most favorable to the nonmoving party, making all reasonable inferences

---

[9] Compl. ¶ 23.

[10] Compl. ¶ 26.

[11] Compl. ¶ 27.

[12] Compl. ¶ 12.

[13] See CCS Res., Inc. v. Noble Sys. Corp., No. 12-cv-11156-JLT (D. Mass. filed Oct. 16, 2012).

[14] Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008); Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007).

in its favor.[15] As with a Rule 12(b)(6) motion, the court may not resolve any factual disputes.[16] The court may consider "documents the authenticity of which are not disputed by the parties."[17]

      B.     <u>Noble's Motion for Judgment on the Pleadings</u>

Noble argues that the previous arbitration between CCS Resources and Noble bars the current litigation. The court agrees.

Claim preclusion requires: "1) a final judgment on the merits in an earlier suit; 2) sufficient identicality between the causes of action asserted in the earlier and later suits; and 3) sufficient identicality between the parties in the two suits."[18] There is no question that the final arbitration award, confirmed by this court, constitutes a final judgment on the merits.[19] There is also no question that the suits possess sufficient identicality because they arise from the same series of transactions: the formation and subsequent alleged breach of the CCS Resources-Noble contract.[20] The issue is whether the parties are sufficiently identical.

Although claim preclusion ordinarily applies solely to parties to the previous litigation, "making party status a *sine qua non* for the operation of res judicata opens the door to countless

---

[15] <u>Pérez-Acevedo</u>, 520 F.3d at 29; <u>Aponte-Torres v. Univ. of P.R.</u>, 445 F.3d 50, 54-55 (1st Cir. 2006).

[16] <u>Aponte-Torres</u>, 445 F.3d at 54.

[17] <u>Curran</u>, 509 F.3d at 44 (quoting <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir 1993)).

[18] <u>FleetBoston Fin. Corp. v. Alt</u>, 638 F.3d 70, 79 (1st Cir. 2011) (quoting <u>Perez v. Volvo Car Corp.</u>, 247 F.3d 303, 311 (1st Cir. 2001)).

[19] <u>Id.</u> at 80 (quoting 9 U.S.C. § 13; <u>Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.</u>, 48 F.3d 576, 585 (1st Cir. 1995)).

[20] <u>Gonzalez v. Banco Cent. Corp.</u>, 27 F.3d 731, 755-56 (1st Cir. 1994).

varieties of manipulation, including claim-splitting, suits by proxy, and forum-shopping."[21] Thus, "sufficient identicality" requires only that the party to the second suit be "closely related" to the party to the first suit.[22] Such a close relationship exists between a parent corporation and its affiliate or subsidiary.[23]

Plaintiffs' allegations establish sufficient identicality between CCS Resources and Plaintiffs. The entities, all affiliates of each other and under the common control of CCS Global Holdings, served as proxies for one another.[24] When Plaintiffs negotiated with Noble, they did so on behalf of all of the CCS Companies. When CCS Resources entered into the disputed contract, it did so on behalf of all of the CCS Companies. And, as CCS Resources's representations to the arbitrator confirm, CCS Resources arbitrated on behalf of all of the CCS Companies.[25] The CCS Companies cannot avoid the arbitrator's adverse determination simply by dispatching differently named affiliates to prosecute the same dispute.[26] The earlier arbitration bars this proceeding.

---

[21] Id. at 757.

[22] FleetBoston Fin. Corp., 638 F.3d at 80; Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 17 (1st Cir. 2010).

[23] See FleetBoston Fin. Corp., 638 F.3d at 81 n.12; Airframe Sys., Inc., 601 F.3d at 17.

[24] See Taylor v. Sturgell, 553 U.S. 880, 895 (2008) ("[A] party bound by a judgment may not avoid its preclusive force by relitigating through a proxy.").

[25] Def.'s Answer Ex. C, at 32 n.11 [#6-8] ("Throughout the entire arbitration, both pre-hearing and during the final hearing, it was clearly established by CCS and acknowledged by Noble that despite the Claimant being denominated as an entity known as CCS Resources, Inc., it is just one of several affiliated entities forming 'The CCS Companies' and that 'CCS' refers not only to CCS Resources, Inc. but also to the group of related affiliates."); Def.'s Answer Ex. D, at 1 [#6-10] (defining CCS to include its affiliates).

[26] See Gonzalez, 27 F.3d at 757.

IV.     <u>Conclusion</u>

Because Plaintiffs had a full and fair opportunity to arbitrate their claims, Noble's <u>Motion for Judgment on the Pleadings</u> [#12] is ALLOWED.


AN ORDER HAS ISSUED.

       /s/ Joseph L. Tauro     
    United States District Judge