UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CREDIT CONTROL SERVICES, INC., <br> CCS COMMERCIAL, LLC, and <br> ENTERPRISE ASSOCIATES, LLC <br><br> Plaintiffs, <br><br> v. <br><br> NOBLE SYSTEMS CORP., <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. 12-11321-JLT <br> * <br> * <br> * |

MEMORANDUM

December 12, 2013

TAURO, J.

I. Introduction

Plaintiffs Credit Control Services, Inc., CCS Commercial, LLC, and Enterprise Associates, LLC brought suit against Defendant Noble Systems Corporation alleging, among other claims, breach of contract, negligent misrepresentation, and violation of Chapter 93A of the Massachusetts General Laws. Presently at issue are Defendant's Motion for Rule 11 Sanctions [#38] and Plaintiffs' Motion to Amend Order, for Relief from Order, and/or for Reconsideration of Order [#40]. For the following reasons, Defendant's Motion for Sanctions is DENIED and Plaintiffs' Motion to Amend is DENIED.

II. Background

On March 20, 2013, this court issued a Memorandum [#36], summarizing the background as follows:

> CCS Resources and Plaintiffs function as consumer debt collectors. They are all affiliates under common control of parent company CCS Global Holdings, Inc. These companies–CCS Resources, Plaintiffs, CCS Global Holdings, and

related companies not involved in this suit–refer to themselves collectively by the trade name "CCS Companies." Together, the CCS Companies process millions of telephone calls on behalf of their clients for the purpose of collecting debts. To function effectively, they require a sophisticated call dialing system that can initiate, receive, and process efficiently millions of telephone calls.

In late 2009 and early 2010, Plaintiffs met with [Defendant] to discuss purchasing a new dialing system for the CCS Companies. Plaintiffs carefully described their requirements, emphasizing the need for a dialing system capable of handling large call volumes, passing calls to available agents and appropriate work groups, minimizing agent idleness, and complying with federal and state debt collection regulations. [Defendant] indicated that it could meet Plaintiffs' specifications.

CCS Resources and [Defendant] then executed a contract on April 23, 2010, for purchase of [Defendant's] system. Although only CCS Resources signed the contract, both parties understood that the CCS Companies generally, including Plaintiffs, had purchased and would use the system.

The CCS Companies soon discovered that [Defendant's] product fell short of expectations. The system failed to reliably pass calls between work groups, and call agents experienced lengthy idle time between calls. Because [Defendant] could not successfully implement the system, Plaintiffs reinstated their former dialing system on an emergency basis in December 2010.

After this disintegration of the system implementation, CCS Resources commenced arbitration against [Defendant] pursuant to the contract's arbitration clause. The arbitrator entered a final award against CCS Resources on June 1, 2012, and this court confirmed the award on October 16, 2012. Plaintiffs initiated this suit against [Defendant] on July 9, 2012.[1]

Although Plaintiffs purported to bring their claim as parties separate and distinct from CCS Resources, this court held that "Plaintiffs' allegations establish sufficient identicality between CCS Resources and Plaintiffs," and, therefore, allowed Defendant's <u>Motion for Judgment on the Pleadings</u> [#12] pursuant to principles of claim preclusion.[2] Because Federal Rule of Civil Procedure 11 required Plaintiffs' counsel to make a reasonable inquiry into the existing law, which would have made plainly apparent that this claim was precluded, Defendant

---

[1] Mem. [#36], 1-3.

[2] Mem. [#36], 5.

urges this court to sanction Plaintiffs' counsel for failing to make such inquiry.[3] After failing to convince this court that their claims did not warrant dismissal under well-established claim preclusion principles, Plaintiffs not only deny engaging in any conduct sanctionable under Rule 11, but additionally ask this court to reconsider its March 20, 2013 Order [#35].[4]

III.   Discussion

   A.   Defendant's Motion for Rule 11 Sanctions

In order to succeed on a claim for sanctions under Rule 11, movants must convince the court that opposing parties presented a "patently frivolous" claim by showing that they made unwarranted factual contentions, failed to make reasonable inquiry of the law, or brought their case for an improper purpose.[5] Rule 11, however, "is not a strict liability provision, and a showing of at least culpable carelessness is required before a violation of the Rule can be found."[6] The "mere fact that [a plaintiff's] arguments proved unavailing does not necessarily mandate the imposition of Rule 11 sanctions."[7] Moreover, courts "ought not invoke Rule 11 for slight cause; the wheels of justice would grind to a halt if lawyers everywhere were sanctioned every time they made unfounded objections, weak arguments, and dubious factual claims."[8] Courts, therefore, require more than "slight misconduct" to impose sanctions under Rule 11.[9]

---

[3] See generally Mot. Rule 11 Sanctions [#38].

[4] See generally Pl.'s Mot. Amend Order, Relief Order, Recons. [#40].

[5] CQ Int'l Co. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011).

[6] Id. (quoting Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 32 (1st Cir. 2009)); see also Roger Edwards LLC v. Fiddes & Son, Ltd., 437 F.3d 140, 142 (1st Cir. 2006).

[7] CQ Int'l, 659 F.3d at 61.

[8] Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 39-40 (1st Cir. 2005).

[9] Id.

Defendant does not show that Plaintiffs were culpably careless in bringing this claim. Although Plaintiffs' motions and memoranda are riddled with spelling and grammatical errors and Plaintiffs failed to employ proper legal citation, Plaintiffs did present legal arguments in support of their contention that their claims are not barred under judicial estoppel principles. The fact that Plaintiffs' arguments ultimately proved unavailing, and were weak to begin with, does not warrant sanctions under Rule 11 without a showing of more serious misconduct. Additionally, considering that, at the time that they filed the Complaint [#1], Plaintiffs' affiliate had already made full payment pursuant to the arbitration judgment rendered against it, it is not clear that Plaintiffs brought this claim for an improper purpose. Because Defendant fails to show that Plaintiffs' claims rise to the "patently frivolous" level, Defendant's Motion for Sanctions is DENIED.

B. Plaintiff's Motion to Amend Order, for Relief from Order, and/or for Reconsideration of Order

As Defendant correctly points out, "[i]t is very difficult to prevail on a Rule 59(e) motion for reconsideration."[10] Plaintiffs have not offered evidence of new facts and have not shown that this court has made a "manifest error of law."[11] Plaintiffs are merely relitigating the same issues that were raised on Defendant's Motion for Judgment on the Pleadings and reiterating arguments that this court heard and rejected.[12] Plaintiffs' Motion to Amend Order is, therefore, DENIED.

IV. Conclusion

For the foregoing reasons, Defendant's Motion for Rule 11 Sanctions is DENIED and

---

[10] Linton v. N.Y. Life Ins. & Annuity Corp., No. CIVA 04-11362 RWZ, 2006 WL 3043224, at *1 (D. Mass. Oct. 25, 2006); see Resp. Opp'n Pls.' Mot. [#44], 1.

[11] See Linton, 2006 WL 3043224, at *1; see generally Pls.' Mem. Supp. Mot. [#41].

[12] See generally Pls.' Mem. Supp. Mot. [#41].

Plaintiff's Motion to Amend Order, for Relief from Order, and/or for Reconsideration of Order is

DENIED.

AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro
United States District Judge